**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

RUSSELL R. BOGGESS,

     Plaintiff,

v.                                         CASE NO. 1:09cv126-MP-AK

MICHAEL J. ASTRUE,

     Defendant.

_____/

## O R D E R

     This matter is before the court on plaintiff counsel's Petition for Authorization of Attorney Fee Pursuant to the Social Security Act.  (Doc. 26).  The Commissioner does not object to the requested fees.  (*See* doc. 29).  Although the request is uncontested, the court must still make an independent determination of the reasonableness of any fee awarded pursuant to § 406(b).  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807-08, 122 S. Ct. 1817, 1828 (2002) (holding that courts may award a reasonable fee not to exceed twenty-five percent of past-due benefits and should consider the character of the representation and the results the representation achieved in determining the reasonableness of a contingency fee agreement).

     The court finds upon consideration of the factors cited with approval in *Gisbrecht* that the requested fee award is reasonable.  The representation of plaintiff in this case was not substandard, and the attorney for plaintiff, does not appear to have been responsible for any delays in this matter.  Moreover, counsel represented plaintiff on a contingency fee basis for an extended period of time, obtaining past-due benefits in the amount of $202,414.00.  Plaintiff's counsel states that he expended a total of 15.15 hours in 2009 and 2010 representing plaintiff before this court.  The twenty-five percent contingency fee agreement yields $50,603.50, which equals an hourly rate of around $3,340 an hour. While the hourly rate certainly exceeds market rates, by working on a contingency fee

basis counsel accepted the risk of not being compensated for his efforts.  As such, the requested fee is not a windfall.  Furthermore, the plaintiff has made no objection to his attorney's fee request.

The Commissioner withheld $50,603.50 of plaintiff's past-due benefits for attorney fees.  Pursuant to the fee agreement in this case, plaintiff's counsel seeks this full amount, as the previous fees awarded under the Equal Access to Justice Act were intercepted by the Department of the Treasury.

Accordingly, it is now **ORDERED** as follows:

1.      The petition for attorneys' fees (doc. 26) is GRANTED.  Pursuant to 42 U.S.C. § 406(b), plaintiff's attorney is awarded fees in the amount of $50,603.50. Defendant is ordered to pay the fee from plaintiff's past-due benefits being held by defendant.

2.      The motion to seal (doc. 28) is GRANTED, and the Clerk shall place the document at docket entry 26 under seal.

**DONE and ORDERED** this 19th day of April, 2012.


s/ *M. Casey Rodgers*

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**